# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANTAGE MEDICAL ASSOCIATES, P.A., a New Jersey professional association, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> PARAGON PRIVATE HEALTH, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 3:24-cv-441 |

## PLAINTIFF'S MOTION TO APPROVE CLASS ACTION SETTLEMENT

Plaintiff, Advantage Medical Associates, P.A. ("Plaintiff"), by and through its attorneys of record, moves the Court, pursuant to Fed. R. Civ. P. 23(e) and (g), for entry of an Order: (1) conditionally certifying the Settlement Class and preliminarily approving the proposed class action settlement; (2) directing notice to the Settlement Class; (3) setting due dates for class members to submit claims, request exclusion, or raise objections; and (4) scheduling a fairness hearing at which the proponents and any opponents of the settlement proposal may be heard before the Court decides whether to approve or reject the settlement.

Plaintiff believes the Court will find—after class notice and the fairness hearing—that the settlement is fair, reasonable, and adequate, so Plaintiff also moves

the Court, pursuant to Rule 23(h) and Rule 54(d)(2), to award fees and expenses to Class Counsel in the Final Approval Order to be entered after the fairness hearing. Plaintiff also requests an incentive award for serving as the Class Representative. The Class Notice informs the class members of these requests.

In further support, Plaintiff states as follows:

1.  The Class Action Complaint alleges that defendant, Paragon Private Health, LLC ("Defendant"), violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending facsimiles to Plaintiff and other healthcare providers offering a $100 honorarium for participation in a consultation call about Defendant's services (the "Faxes at Issue"). [Dkt No. 1] The Complaint alleges that the Faxes at Issue were "advertisements" as defined in the TCPA and that Defendant sent them without the "prior express invitation or permission" of their intended recipients and without an opt-out notice. *Id.*; 47 U.S.C. § 227(a)(5), (b)(1)(C). The Complaint seeks statutory damages and other relief. *Id.*

2.  Defendant denied the allegations and raised affirmative defenses. [Dkt No. 11]

3.  The Parties conducted written discovery. Defendant has not conducted business since 2021 and has limited ability to pay a settlement or judgment, and as part of settlement discussions provided requested documentation showing its limited ability to pay.

4. The Parties executed a Class Action Settlement Agreement (the "Agreement"). It is attached as **Exhibit A** to Plaintiff's Brief in Support and has three exhibits: (1) a proposed "Order Preliminarily Approving Class Action Settlement;" (2) the "Notice of Class Action Settlement with Attached Claim Form;" and (3) a proposed "Final Approval Order and Judgment." **Exhibit A**. The Brief in Support identifies and explains how the proposed settlement satisfies the applicable legal requirements.

5. If the Court approves the Settlement, under the terms set forth in the Agreement, Defendant has agreed to pay $775,000 (the "Settlement Fund") in exchange for the Settlement Class's release of claims about the Faxes at Issue. **Exhibit A, ¶ 6.**

6. The Parties have agreed to a settlement class defined as follows: "All persons and entities sent one or more facsimiles between January 24, 2020, and January 27, 2020, offering a $100 honorarium for participation in a consultation call with Paragon." **Exhibit A, ¶ 2.**

7. For settlement purposes only, the Court should find that the Settlement Class meets the requirements of Rule 23(a) and (b)(3), that Plaintiff will fairly and adequately represent the Settlement Class and should be appointed "Settlement Class Representative," and that Plaintiff's counsel will fairly and adequately represent the

Settlement Class, as required by Rule 23(g), and should be appointed "Settlement Class Counsel." **Exhibit A**, ¶ 4.

8.  The Parties have retained a company named Class-Settlement.com to serve as the "Settlement Administrator," subject to the Court's approval. **Exhibit A**, ¶ 7. The Settlement Administrator will be paid from the Settlement Fund. *Id.*, ¶ 8.

9.  The Settlement Administrator will perform a variety of important functions in the settlement approval process. **Exhibit A**, ¶ 7. The Settlement Administrator will notify the Settlement Class, receive and verify their claims, send them payments from the Settlement Fund, and account to the IRS, as required. The Settlement Administrator will maintain a settlement website or webpage for the benefit of the Settlement Class, field their questions and assist them upon request, receive and report their exclusion requests, receive and process their Claim Forms, provide a list of approved and rejected claims to the Parties' counsel, and issue payments from the Settlement Fund. *Id.* Class-settlement.com is an experienced class action settlement administrator and can be expected to perform all these functions fairly and adequately in this case. The company has estimated its costs and fees will total no more than $87,495.

10. The Parties have agreed to the form and content of the Class Notice (**Exhibit A**, Ex. 2) and agreed the Settlement Administrator will send the Class Notice with the Claim Form by facsimile transmission to the fax numbers on the

4

Class Notice List. **Exhibit A**, ¶ 12. For any fax transmissions that fail, the Parties agree that the Settlement Administrator will mail the Class Notice via U.S. Mail to the address associated with the fax number, as determined using the Settlement Administrator's reverse lookup tools and the U.S.P.S.-licensed National Change of Address database. *Id.*

11. The Class Notice contains all the content Rule 23 requires. Fed. R. Civ. P. 23(c)(2)(B)(i-vii). It informs the Settlement Class about: (a) the nature of the litigation, the issues, and the terms of the proposed settlement; (b) the details and due dates for submitting Claim Forms, requesting exclusion from the Settlement Class, or objecting to all or any part of the settlement; and (c) the date and time of the final fairness hearing. **Exhibit A**, Ex. 2 §§ A-D. The Court will exclude from the Settlement Class any member who requests exclusion. *Id.*, § D. Class members can submit a claim form, object, or do nothing. *Id.* If approved by the Court, the Settlement will finally resolve the litigation and all claims about the Faxes at Issue. *Id.*

12. The Class Notice also notifies the Settlement Class that Plaintiff has requested that, if the settlement is finally approved, Plaintiff's counsel be awarded attorney's fees and expenses from the Settlement Fund and Plaintiff be awarded an incentive award for serving as the Settlement Class Representative. **Exhibit A**, Ex. 2 § E.

13.  The Settlement Fund will be distributed *pro rata* to the Settlement Class Members who submit approved claims—one equal share for each of the fax number(s) shown on the Class Notice List—after subtracting the awards for attorney's fees and expenses, incentive award, and the Settlement Administrator's fees and expenses. **Exhibit A,** ¶¶ 12, 14.

14.  As further demonstrated in the Brief in Support, the proposed settlement is fair, reasonable, and adequate, and satisfies the requirements of Rule 23 and the applicable case law.

15.  Because the Court will likely be able to approve the settlement under Rule 23(e)(2) and certify the Settlement Class for purposes of judgment, the Court should schedule a fairness hearing and direct notice to the Settlement Class. Fed. R. Civ. P. 23(e)(1)(B) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing....").

**WHEREFORE**, Plaintiff respectfully requests that the Court: (a) conditionally certify the Settlement Class, for settlement purposes only, and preliminarily approve the proposed settlement; (b) set due dates for class member claims, opt-outs, and objections, (c) schedule a final fairness hearing at which the Court can hear from the settlement's proponents and opponents (if any), and decide whether to approve it under Rule 23(e)(2) and whether to certify the Settlement Class

for purposes of judgment on the proposal; (d) direct notice of the proposed settlement, due dates, and final fairness hearing by fax transmission (and U.S. mail to those whose fax notice fails) to the Class Notice List; and (e) award such other and further relief as the Court deems appropriate under the circumstances.

Dated: August 12, 2025                    Respectfully submitted,

ADVANTAGE MEDICAL ASSOCIATES, P.A., individually and as the representative of a class of similarly-situated persons,

By: /s/ Michael J. Canning
One of Plaintiff's Attorneys

Michael J. Canning
Matthew N. Fiorovanti
GIORDANO, HALLERAN & CIESLA, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701-6777
(732) 741-3900
MCanning@ghclaw.com
MFiorovanti@ghclaw.com

Phillip A. Bock
David M. Oppenheim
Bock Hatch & Oppenheim, LLC
203 N. La Salle St., Ste. 2100
Chicago, IL 60601
Tel: (312) 658-5501
Email: service@classlawyers.com