**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ADVANTAGE MEDICAL     )
ASSOCIATES, P.A., a New Jersey  )
professional association, individually and )
as the representative of a class of   )
similarly-situated persons,     )
               )
     Plaintiff,     )
               )  No. 2:24-cv-441
   v.           )
               )
PARAGON PRIVATE HEALTH, LLC,  )
               )
     Defendant.    )

## FINAL APPROVAL ORDER AND JUDGMENT

The matter coming before the Court on the request for final approval of the class action

settlement by plaintiff, Advantage Medical Associates, P.A. ("Plaintiff"), and defendant, Paragon

Private Health, LLC ("Defendant"), due notice having been given, the Parties appearing through

counsel, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the Parties, the members of the Settlement Class,

and the claims asserted in this lawsuit.

2. Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this action, as

embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair,

reasonable, and adequate settlement of this case, in the best interests of the Settlement Class as a

whole, considering the factual, legal, practical, and procedural issues raised by this case.

Capitalized terms used herein shall have the meaning set forth in the Settlement Agreement.

3. The Settlement Class is defined as follows: "All persons and entities sent one or

more facsimiles between January 24, 2020, and January 27, 2020, offering a $100 honorarium for

participation in a consultation call with Paragon." Excluded from the Settlement Class are (1)

-1-

Defendant, former Defendant Signature MD, Inc. ("Signature"), any parent, subsidiary, affiliate, or controlled person of Defendant or Signature, as well as its attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; and (3) the judge(s) assigned to the Action and his or her staff.

4.      The Court finds that the Settlement Agreement was reached in good faith, following arm's-length negotiations.

5.      Upon the Declaration of the Settlement Administrator, the Court finds that the notice was directed to the Settlement Class as required by the Preliminary Approval Order. The Court further finds that the Class Notice was the best notice practicable under the circumstances and satisfied the requirements of due process and Rule 23(e).

6.      No objections were received.

7.      The following persons validly requested exclusion from the Settlement Class and the Settlement and are hereby excluded from this Action, the Settlement Class, and the Settlement: Dr. Mary Koenigs, MD, Dr. Arnold Saul Kremer, D.O., Houston Comprehensive Rheumatology, and Dr. Annamarie E. Oslak, DC.

8.      After due consideration of, among other things: (a) the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's possible recovery; (c) the complexity, expense, and duration of the litigation; (d) the substance and amount of opposition to the Settlement; (e) the state of proceedings at which the Settlement was achieved; (f) all written submissions, declarations, and arguments of counsel; and (g) after notice and hearing, this Court finds that the Settlement is fair, adequate, and reasonable.

9.      As required by Rule 23(e)(2), the Court finds that: (a) the Settlement Class Representative and Settlement Class Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the Parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by facsimile and U.S. Mail for the facsimile transmissions that failed and a simple, one-page claim form with minimal and fair requirements), (iii) the terms of the proposed award of attorney's fees, including timing of payment, and (iv) the Parties submitted copies of the signed Settlement Agreement; and (d) the proposed settlement treats class members equitably relative to each other. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, is a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical, and procedural considerations presented.

10.      Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Settlement Class Members. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions.

11.      Defendants have agreed to pay $775,000.00 (the "Settlement Fund") to settle this matter and obtain the releases from the Settlement Class, and that the Settlement Fund shall be disbursed to pay approved claims from the Settlement Class Members, class action notice and settlement administration expenses, Settlement Class Counsel's fees and expenses, and an incentive award to the Settlement Class Representative, as determined and awarded by this Court.

12.    Each Settlement Class Member who submits a timely and valid Claim Form shall be paid in accordance with the terms of the Settlement Agreement. The Settlement Administrator will mail the settlement checks within 15 business days. Checks issued to the claimants will be void 181 days after the date of issuance, as indicated on the settlement check, and money from any such voided checks shall be paid as unclaimed property of the payment recipient in accordance with the law of the recipient's state.

13.    The Court approves the request from Settlement Class Counsel (Phillip A. Bock / Bock Hatch & Oppenheim, LLC) for attorney's fees in the total amount of $258,333.33 and out-of-pocket expenses in the total amount of $6,639.00. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

14.    The Court approves a $15,000 incentive award to the named plaintiff, Advantage Medical Associates, P.A., for serving as the Settlement Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

15.    The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Court orders the Parties to the Settlement Agreement to carry out their respective obligations under that Agreement.

16.    This action is hereby dismissed with prejudice and without taxable costs to any Party.

17.    Claims or causes of action of any kind by any Settlement Class Member or anyone claiming by or through him, her, or it regarding, related to, or arising from the Faxes at Issue (as defined in the Settlement Agreement) that are brought in this Court or any other forum (other than

-4-

those by persons who have opted out of this action) are barred pursuant to the Releases set forth

in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that

are being settled or released herein, either directly or indirectly, against Defendant, in this Court

or any other court or forum.

BY ORDER OF THE COURT

Dated: December 15, 2025

_____
Honorable Judge Ruksanah Singh